It is contrary to the policy and spirit of the laws of this state, that a single creditor acquire any priority over the creditors in enforcing the statutory liability of stockholders.

The law of comity does not require the enforcement of this liability against defendant according to the special remedy provided by the laws of Kansas, when it clashes with the rights of our own citizens and the policy of our laws.

The demurrer is sustained.

C. H. Kyle, for Plaintiff.

Little & Spencer, for Defendants.

---

(Clark County, O., Probate Court.)

GEO. SPENCE, ASSIGNOR, TO J. WARREN KIEFER, ASSIGNEE.

---

A preferred creditor cannot participate in a dividend among general creditors until the security for his claim has been exhausted.

All such creditor is entitled to is that the assignee retain sufficient assets to enable him to share pro rata with the general creditors, on the amount of his claim remaining unpaid after the proceeds of his security has been applied thereon.

---

ROCKEL J.

In 1888, George Spence, a large real estate holder made an assignment to J. Warren Keifer. Considerable of the property assigned was covered by mortgage, while a fair amount remained unincumbered.

The assignee proceeded at once in the discharge of his duties, and has converted most all the assets into money. There, however, remains some incumbered and unincumbered property to be sold, while there is also a considerable sum held by the assignee in the way of notes taken for the deferred payment of the sold real estate. Some of the preferred creditors have been paid in full from the proceeds of the property upon which they held claims. Others only partially from the fact that their securities have not been realized upon. There now remains in the hands of the assignee a considerable sum of money realized from the sale of the unincumbered property. The assignee now proposes to divide this fund among the general creditors. The preferred creditors, however, claim that they should also participate in this dividend to an amount not exceeding the amount of their claim. For instance, if the preferred creditor's entire claim was $1,000.00, and he had received $500.00 from the sale of his securities, although a large amount of the property to secure his claim has not been reduced to money, he should receive a dividend with the general creditors on the $500.00.

The question then presents itself, can the holder of a claim secured by mortgage or otherwise, against the assignor, at the same time occupy the position both of preferred creditor and a general creditor, and participate in dividends arising from the general fund, and while the property which secures his claim has not been exhausted, or must the holder of such claim first exhaust all his securities, before he can be considered a general creditor and precipitate in a dividend from the general fund?

There is contrariety of opinion as to whether a preferred creditor should pro rate with the general creditors on the entire amount of his claim, or only for so much thereof as remains unpaid after all his securities have been exhausted. Some eminent courts have held that he should be allowed, pro rata, on the entire amount of his claim.

Of course in no event is he to get more than is justly due him. The better doctrine however, and the one which I believe prevails in Ohio is, that the claimant is only entitled to a dividend with general creditors on the amount of his claim which remains unpaid after all his securities have been exhausted and applied on his debt. Taking this view I do not believe that a claimant can at the same time be both a preferred claimant and a general creditor.

He is a preferred creditor until all his securities are exhausted and applied on his claim. When this is done his preference ceases and he becomes a general creditor for so much as remains unpaid.

It seems that the most that can be said for the holder of a secured claim is that he is a preferred creditor with the possibility of a contingency which will make him a general creditor, and that the assignee should protect him in such contingency, but until this contingency occurs, which may possibly be never, for his securities when exhausted may pay his claim in full, I can see no equity which will permit him to a dividend in the general fund.

It is an old and well settled doctrine in equity that if a creditor have two funds out of which he may make his debt, he will be required to resort first to that fund upon which another creditor has no lien.

In the case at bar the preferred creditor has two funds to be applied toward the payment of his claim,—the special fund arising from the sale of the property securing his claim, and the general fund, arising from the sale of unincumbered property, while the general creditor can only look to the general fund for the payment of his debt. Therefore under this long applied rule, it would be the right of the general creditor to compel the preferred creditor to first exhaust the special fund, before he could participate in the general fund. Until the preferred creditor exhausts his securities there is no basis upon which he may be made to share in a general dividend.

The amount upon which he is to pro rate, is uncertain and indefinite. If the incumbered and unincumbered property could be

converted into money by the assignee in the same length of time, preferred and general creditor would get their money at the same time. If the incumbered property was first converted into money, unquestionable the preferred creditor could be first paid, and why if the unincumbered property be first converted into money, should not the general creditor be entitled to have the same applied payment on his claim? provided the rights of the preferred creditor are secured.

The preferred creditor has a preference over a general creditor in the security of the amount of his claim, not in the time of its payment.

The statute nowhere seems to contemplate a dividend in which preferred and general creditors, as such shall share. In sec. 6356, R. S. it is provided: Whenever on settlement the same shall show a balance remaining in the hands of said assignee or trustee, subject to distribution among general creditors, a dividend shall be declared, etc.

In cases like the present a dividend should be declared among the general creditors, out of the general fund, the assignee reserving sufficient assets in his hands, to permit the preferred creditor to pro-rate with the general creditors on the amount of their claim remaining after their securities have been exhausted, and the amount realized therefrom applied thereon.